USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: November 6, 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

LUIS ROSARIO,

                Petitioner,

    -v-

UNITED STATES OF AMERICA,

                Respondent.

------------------------------------------------------------X

13 Civ. 7473 (KBF)

11 Cr. 91 (KBF)

OPINION & ORDER

KATHERINE B. FORREST, District Judge:

The Court has reviewed petitioner Luis Rosario's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the grounds of ineffective assistance of counsel. (Motion, 13 Civ. 7473, ECF No. 1.)

Rosario alleges, in substance, that his trial counsel was ineffective because he advised Rosario to elect for a bench trial, he failed to properly challenge the credibility of a cooperating witness, he failed to subpoena witnesses or to introduce favorable evidence, and he failed to introduce "mitigating factors" favorable to Rosario or to allow him to testify in his own defense. (Id. at 4-5.)

For the reasons set forth below, Rosario's motion is DENIED.

FACTS

On January 31, 2011, Rosario and his two co-defendants were charged in an indictment with one count of conspiracy to distribute, and to possess with intent to distribute, a controlled substance—five hundred grams or more of cocaine—in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. (11 Cr. 91, ECF No. 11.) On October

18, 2011, Rosario and his co-defendants were charged in a superseding indictment with one count of conspiracy to distribute, and to possess with intent to distribute, five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. (11 Cr. 91, ECF No. 45.) On October 31, 2011 and November 1, 2011, the Court conducted a two-day bench trial, after which it found Rosario guilty of the count charged in the superseding indictment.

Rosario's trial counsel[1] was appointed on May 20, 2011. (11 Cr. 91, ECF Nos. 23-24.) Following his appointment, on August 19, 2011, Rosario's trial counsel filed a motion to suppress two sources of evidence (physical evidence seized at Rosario's residence and statements Rosario made to law enforcement), for additional discovery, and to preclude cross-examination of Rosario concerning any prior "bad acts" should he choose to testify. (11 Cr. 91, ECF Nos. 30-31.) Rosario's trial counsel hired an independent Spanish interpreter to review a significant percentage of the translations of wiretap transcripts offered by the government (Trial Tr. at 13:17-24, 11 Cr. 91, ECF No. 63); his counsel also submitted proposed jury instructions and voir dire in advance of trial. (11 Cr. 91, ECF Nos. 50-51, 53-54.)

Prior to the first day of trial, Rosario and his trial counsel signed a waiver of trial by jury form, which states that Rosario has been advised by counsel of his constitutional right to a trial by jury and that he voluntarily waives that right. (11 Cr. 91, ECF No. 59.) At the beginning of trial, the Court engaged in a lengthy discussion with Rosario in order to confirm that his waiver was knowing and

---

[1] Though different counsel represented Rosario at his arraignment and then in his appeal of his conviction to the Second Circuit (see Motion at 5-6), the Court notes that the allegations in the instant motion all relate to the conduct and performance of Rosario's trial counsel.

2

voluntary. (Trial Tr. at 3:18-9:3.) The Court confirmed on the record that Rosario had signed the waiver of trial by jury form, and that by signing it he had waived his right to trial by jury and the Court would thus be trying his case. (Id. at 10:2-14.) The Court confirmed that, before signing the form, the form had been translated for Rosario and Rosario had an opportunity to discuss it with his counsel. (Id. at 10:15-22.) The Court then re-confirmed that Rosario understood he was waiving his right to a trial by jury. (Id. at 10:23-11:2.)

During the two-day bench trial, Rosario's trial counsel actively objected during the direct examinations of the government witnesses. He moved to strike certain pieces of testimony offered by the government, and the Court granted several of those requests. He also conducted voir dire of three of the government witnesses—Special Agent Patrick Woods, Detective Joseph Maldonado, and co-defendant Cesar Soto—during their direct examinations, and engaged in substantial cross-examination of each government witness (including Soto).

On February 3, 2012, after initially expressing a desire to engage in a so-called "safety valve[2] proffer" with the government in hopes of being sentenced without regard to the ten-year mandatory minimum for his crime, Rosario confirmed on the record that he had discussed the elements of safety valve eligibility with his counsel and that he wished to proceed to sentencing on that day. (Sentencing Tr. at 6:13-15:24, ECF No. 77.) Accordingly, taking into account the

---

[2] This is a reference to United States Sentencing Guidelines § 5C1.2(a) and 18 U.S.C. § 3553(f), which permits "imposition of a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence" if the court finds that a defendant meets certain listed criteria. U.S.S.G. § 5C1.2(a).

factors set forth in 18 U.S.C. § 3553(a), the Court sentenced Rosario to ten years' imprisonment (the mandatory minimum), five years' supervised release, and a $100 special assessment. (11 Cr. 91, ECF No. 69; Sentencing Tr. at 15:24-20:22.)

## DISCUSSION

The Court is required to promptly examine a motion under 28 U.S.C. § 2255, and "[i]f it plainly appears from the motion, any attached exhibits, and the <u>record of prior proceedings</u> that the moving party is not entitled to relief, the judge <u>must</u> dismiss the motion and direct the clerk to notify the moving party." Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 4(b) (emphasis added); <u>see</u> 28 U.S.C. § 2255(b) ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney . . . ."). To determine whether summary dismissal is appropriate for a petition brought by a defendant that was convicted at trial, courts review the trial transcripts as well as other relevant testimony and colloquy. See <u>Ruotolo v. United States</u>, No. 94 Civ 5962, 1998 WL 29828, at*1 (2d Cir. Jan. 27, 1998).

Rosario's motion for relief under § 2255 on the basis of ineffective assistance of counsel will be granted only if he can show that (1) his counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) he was prejudiced by his counsel's deficient performance. See <u>Strickland v. Washington</u>, 466 U.S. 668, 687-96 (1984). This is a difficult showing to make, as courts "'must indulge a strong presumption that counsel's conduct falls within the

wide range of reasonable professional assistance,' bearing in mind that '[t]here are countless ways to provide effective assistance in any given case' and that '[e]ven the best criminal defense attorneys would not defend a particular client in the same way.'" United States v. Aguirre, 912 F.2d 555, 560 (2d Cir. 1990) (quoting Strickland, 466 U.S. at 689). The required showing is more difficult in cases such as this, where a petitioner makes statements in open court expressing and understanding of and waiving certain rights; courts afford "a strong presumption of verity" to such statements. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Even where counsel's performance has been constitutionally deficient, the petitioner must also show that, but for the deficient performance, there is a reasonable probability that the result would have been different. United States v. Torres, 129 F.3d 710, 716 (2d Cir. 1997).

Applying these standards to the instant motion, Rosario's claims of ineffective of counsel fail as a matter of law because he has failed to show either that his trial counsel's performance was deficient or that he suffered prejudice. Based on the record of prior proceedings, it is quite clear that Rosario is not entitled to relief.

With respect to Rosario's decision to waive his right to trial by jury (see Motion at 9-10), not only did Rosario sign a waiver form indicating that he had been advised of this constitutional right and was voluntarily waiving it, but he confirmed this waiver repeatedly on the record on the first day of trial. Rosario's statements at the beginning of trial—prior to being found guilty—are entitled to a strong

presumption of verity that is not rebutted by the after-the-fact denials put forth in the Motion. Additionally, the prejudice that Rosario alleges he suffered—"that the government would be required to prove its case beyond a reasonable doubt in a jury trial" (id. at 9)—is non-existent, as that is the applicable standard for any trier of fact in this criminal case. Here, the Court also found Rosario guilty of the count in the superseding indictment beyond a reasonable doubt at the end of trial. (Trial Tr. at 238:10-239:7.)

Similarly, the Court finds Rosario's claim that his trial counsel failed to properly challenge the credibility of Soto (the government's cooperating witness) (see Motion at 10-12) totally lacking in merit based on the record of the proceedings. Rosario's trial counsel conducted extensive cross-examination and voir dire of Soto when Soto testified at trial. Though Rosario references an affidavit from an individual who claims that Soto told him that he had perjured himself during Rosario's trial, that affidavit (attached to the Motion as Exhibit 1) is dated April 23, 2013, a year and a half after Rosario's trial. Further, as the Court noted in its August 5, 2013 decision denying Rosario's motion for a new trial under Federal Rule of Criminal Procedure 33 on this basis, Rosario's conviction "did not depend upon Soto's testimony and is uncompromised by his alleged perjury"—the government called four law enforcement witnesses at trial who testified credibly, and introduced evidence of dozens of calls in which Rosario discussed the sale of drugs with various individuals. (Decision at 8-10, 11 Cr. 91, ECF No. 109.)

With respect to Rosario's arguments that his counsel failed to subpoena a government witness or to file any pretrial motions to suppress evidence (see Motion at 12-14), the Court notes that Rosario's trial counsel did in fact file several pretrial motions on August 19, 2011, two of which sought to suppress certain types of evidence against Rosario. Rosario's trial counsel also actively objected and cross-examined the government witnesses at trial. The Court thus sees no reason to deviate from the normal practice in Strickland cases of according deference to an attorney's decisions at trial in light of the "range of legitimate decisions" that accompanies the various circumstances they may encounter. See Strickland, 466 U.S. at 688-89.

Finally, Rosario argues that his trial counsel failed to introduce mitigating factors favorable to Rosario and or to permit Rosario to testify in his own defense at trial. (See Motion at 15-16.) To the contrary, the record of the proceedings herein leave no doubt that Rosario's trial counsel actively represented Rosario at both trial—in objecting to questions by the prosecutors, and in conducting voir dire and cross-examinations of the government witnesses—and at sentencing—arguing for the lowest permissible sentence in light of the mandatory minimum Rosario was facing and the 18 U.S.C. § 3553(a) factors. Further, the Court finds that there is no evidence in the record to support Rosario's post-conviction, after-the-fact assertion that he wanted to testify at trial. Rosario did not raise this issue at any point during trial or at sentencing. Rosario fails to satisfy either prong of Strickland

because the record of the proceedings herein conclusively shows that he is entitled to no relief.

## CONCLUSION

For the reasons set forth above, Rosario's motion under 28 U.S.C. § 2255 is DENIED. The Clerk of Court is directed to close any open motions and to terminate these actions.

The Court declines to issue a certificate of appealability because there has been no "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Matthews v. United States, 682 F.3d 180, 185 (2d Cir. 2012).

The Court also finds, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from the denial of this motion would not be taken in good faith. See Feliz v. United States, No. 01 Civ. 5544 (JFK), 2002 WL 1964347, at *7 (S.D.N.Y. 2002).

The Clerk of Court is directed to close any open motions and to terminate these actions.

SO ORDERED.

Dated:    New York, New York
          November 6, 2013

                                    _____
                                    KATHERINE B. FORREST
                                    United States District Judge

Copy to:

Luis Rosario
64662-054
Moshannon Valley Correctional Center
555 Geo Drive
Philipsburg, PA 16866

8